**COMMUNITIES FOR EQUITY, et al., Plaintiffs,**

v.

**MICHIGAN HIGH SCHOOL, ATHLETIC ASSOCIATION, et al., Defendants.**

No. 1:98–CV–479.

United States District Court, W.D. Michigan, Southern Division.

April 6, 2001.

H. Rhett Pinsky, Pinsky, Smith, Fayette & Hulswit, Grand Rapids, MI, Marcia D. Greenberger, Washington, DC, Kristen Galles, Alexandria, VA, Neena Chaudhry, Barbara A. Burr, Washington, DC, for Plaintiffs.

Carole D. Bos, Bos & Glazier, Grand Rapids, MI, Edmund J. Sikorski, Ann Arbor, MI, William M. Azkoul, Azkoul & Azkoul, Grand Rapids, MI, for Defendants.

Charles R. Gross, U.S. Attorney's Office, Grand Rapids, MI, Sarah A. Dunne, U.S. Department of Justice, Washington, DC, for Amicus.

## *OPINION*

ENSLEN, Chief Judge.

This matter is before the Court on the United States' Motion in Limine Relating to Prior Investigations by the Department of Education's Office for Civil Rights and any Evidence or Testimony Relating to Same. Plaintiffs have joined in this Motion. The Court grants in part and denies in part the United States' Motion.

The United States seeks to exclude the following evidence: (1) all documentation relating to the United States Department of Education Office for Civil Rights' ("OCR") investigation of the Michigan High School Athletic Association ("MHSAA") in 1982–1984; (2) all documentation relating to the lawsuit *Michigan High Sch. Athletic Ass'n v. Bell,* No. No. 83–CV–6250–AA (E.D.Mich.1983); (3) all documentation relating to OCR's investigation of the scheduling of girls' interscholastic sports season in a South Dakota school district; and (4) all testimony by Harry Orris, any current of former OCR official, or any other witness relating to items (1) through (3).

### Legal Standards

According to Federal Rule of Evidence 401, " '[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. "All relevant evidence is admissible, except as otherwise provided ... by these rules .... Evidence which is not relevant is not admissible." Fed.R.Evid. 402. "Although relevant, evidence may be excluded if its

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

**The OCR Investigation from 1982 and the 1984 Statements of Findings**

The documentation that the United States seeks to exclude consists of a July 6, 1982 OCR letter to the MHSAA and March 1, 1984 OCR letters and statements of findings as to certain MHSAA member schools.

The July 6, 1982 OCR letter concerns OCR's investigation into complaints of discrimination on the basis of sex, race, and handicap against the MHSAA. The letter states: "Based on the information currently available to OCR, we have determined that the MHSAA does not receive Federal financial assistance. We are therefore closing the complaint against the MHSAA at this time. It is possible that the complaint could be reopened if other information regarding recipient status were received by OCR."

The March 1, 1984 OCR letters are addressed to five Michigan school districts and to the State Department of Education. These letters contain identical content and refer to OCR's investigation into the school districts' alleged discrimination in violation of Title IX by adopting the rules and regulations of MHSAA. The letters indicate that the OCR "concluded that schools and school districts can operate interscholastic athletic programs within the rules of [MHSAA] and in compliance with the requirements of Title IX." The letters also states that they should not be construed to cover "any other issues regarding compliance with ... Title IX."

Each March 1, 1984 letter included a statement of findings prepared by OCR. The statements addressed the scheduling of sports seasons, whether MHSAA's method of electing members to its Representative Council violated Title IX, and whether MHSAA was required to implement a grievance procedure for athletes under Title IX. The statements address the scheduling of sports seasons, including the limitation of opportunities for interstate competition in girls' basketball and volleyball. The OCR found that "no teams of either sex were scheduled to play against teams from other states," and the scheduling of sports in different seasons did not have "any adverse effects upon the students in" the five districts being addressed. OCR specifically mentioned that adverse effects could exist in other districts.

The statement of findings also addressed whether the season scheduling limited the girls' opportunities to be recruited by colleges. OCR addressed recruiting under the Association for Intercollegiate Athletics for Women ("AIAW"), which is now defunct. At the time, the AIAW permitted its member schools to hold try-outs for prospective student athletes at any time during the year, and as a result, the OCR found that this allowed Michigan female athletes to try-out at any time and allowed coaches to scout female athletes throughout the scheduled season.

OCR also considered the National Collegiate Athletic Association's ("NCAA") recruiting rules because many AIAW schools had joined the NCAA by 1984. The NCAA recruiting rules in effect in 1984 differ from those in place now. For example, in 1984, Division I women's basketball coaches were permitted to evaluate prospective recruits from June 15 through August 1. Under current NCAA rules, college coaches can spend a maximum of 40 days between October 8 and February 28 evaluating prospective recruits. Based on the NCAA rules in effect in 1984, the OCR found that sports scheduled outside of their traditional seasons had not "present-

ed any problems in scouting or recruiting females."

The United States argues that this information is not relevant because the factual and legal bases of the prior investigation are different than the case at issue. For example, the OCR investigations from 1982—1984 were much narrower than the instant case because the prior investigation only focused on five schools. As a result, its findings only addressed those five schools, whereas the instant case incorporates the entire MHSAA. The OCR finding that five particular school districts in 1982 did not violate Title IX does not necessarily mean that the MHSAA does not violate Title IX today. In addition, the OCR based its former conclusion on the fact that the MHSAA did not receive federal financial assistance. This Court, however, has already held that "any entity that exercises controlling authority over a federally funded program is subject to Title IX, regardless of whether that entity is itself a recipient of federal aid." *Comms. for Equity v. Mich. High Sch. Athletic Ass'n*, 80 F.Supp.2d 729, 733 (W.D.Mich. 2000). In addition, the United States asserts that the changes in female athletics since the OCR's investigation make the 1982—1984 findings irrelevant because if faced with the same complaint today, the OCR would conduct a new investigation.

Defendants argue that this information is relevant to show how scheduling sports tournaments in different seasons for boys and girls expands the opportunities for girls and to rebut any assertion that the Department of Justice's ("DOJ") involvement in this case shows that the DOJ believes the MHSAA has violated Title IX. Regarding the scheduling of tournaments, Defendants argue that the OCR has thoroughly investigated this issue and did not find any violations or negative impacts, and these findings and conclusions are rel-

evant on the same issue today. Defendants also assert that it should be allowed to introduce this evidence to tell the trier of fact that the government has investigated this issue previously and has determined that no violation occurred.

The Court does not find this information to be relevant as it does not make the existence of any consequential fact more or less probable. Contrary to Defendants' assertion, the OCR did not conclude that the MHSAA did not violate Title IX, it merely closed the complaint because the MHSAA did not receive federal financial assistance. This Court has already ruled that MHSAA need not receive federal financial assistance to be subject to Title IX. Similarly, in 1984, the OCR only reported that the five school districts in question were not, at that moment, violating Title IX. The 1984 statements of findings did not even mention the MHSAA. Such evidence is not relevant regarding whether the MHSAA is violating Title IX today. In addition, the OCR conducted its investigation under AIAW rules and old NCAA rules. The AIAW is now defunct, and the NCAA has changed its rules. Thus, any findings made under those rules are irrelevant in this case. Therefore, the OCR information, including the July 6, 1982 letter and the March 1, 1984 statements of findings are inadmissible because they are irrelevant under Rule 402.

The Defendants' argument that this evidence is necessary to rebut any presumption that the trier of fact will be misled by the DOJ's presence at trial is not persuasive. Plaintiffs' allegations do not reference the OCR nor do they state that the OCR has determined the MHSAA has violated Title IX. In addition, the United States does not intend to argue that OCR has determined the MHSAA has violated Title IX or that OCR has formed any conclusions about this case.[1] Defendants

1. Should the United States attempt to argue

this, this Order will not apply, and Defendants

also point out that Plaintiffs' initial trial exhibit list includes other OCR findings. The Plaintiffs, in the Proposed Pretrial Order, indicated that they no longer included OCR findings as exhibits. In addition, the parties can submit an instruction explaining that the jury should not presume that the MHSAA has violated Title IX based on the United States' participation in this case.

## MHSAA v. OCR Litigation

The United States also seeks to exclude any evidence from the case, *Michigan High Sch. Athletic Ass'n v. Bell,* No. 83–CV–6250–AA (E.D.Mich.1983). In that case, the MHSAA sought declaratory judgment that the Department of Education was without jurisdiction to apply Title IX to high school athletic programs. On March 30, 1984, the parties stipulated to dismissal of the lawsuit.

In their Brief, the United States claims that this lawsuit is not relevant, but does not state why. In their Reply, the United States argues that the *Bell* case is not relevant for the same reasons that the OCR information is not relevant. It also claims that the evidence is inadmissible hearsay under Federal Rule of Evidence 803(8)(C). Rule 803(8)(C) excepts from hearsay "factual findings resulting from an investigation made pursuant to authority granted by law." The United States contends that the case file from the *Bell* case does not contain factual findings because the parties stipulated to a dismissal without any ruling on the merits.

Defendants argue the *Bell* case is relevant for the same reasons they contend the OCR information is relevant. That is, Defendants argue that the *Bell* case provides a historical background for the trier of fact and should be allowed to show that the DOJ is asserting a position contrary to

the agency it represents. Defendants also claim that the United States' hearsay objection is not pertinent because the dismissal is not being offered for the truth of the matter asserted and is an admission by the OCR. Defendants offer no support for either of these arguments, and furthermore, do not inform the Court why the *Bell* case is being offered.

This Court finds that the *Bell* case is not relevant because it does not make a consequential fact more or less probable. The *Bell* case occurred almost 20 years ago. In addition, it originated with an action for declaratory judgment on an issue this Court has already decided: whether the MHSAA is subject to Title IX. Any information from an action attempting to state otherwise is not relevant to the instant case and must be excluded pursuant to Rule 402.

## OCR's Investigation in South Dakota

The United States is attempting to exclude evidence relating to the OCR's recent investigation of alleged discrimination in interscholastic athletics against a single school district in South Dakota. Defendants listed a July 15, 1998 letter from an OCR official to Sioux Falls School District 49–5 as a trial exhibit. The letter references a complaint that this school district discriminated against female athletes in violation of Title IX by scheduling some girls' sports in nontraditional seasons. The letter states that OCR's investigation "disclosed no tangible harm to female athletes in the current season from the scheduling of events."

In June 2000, a group of students sued the South Dakota High School Activities Association ("SDHSAA"), alleging that the current playing seasons violate Title IX and the Fourteenth Amendment. *Peder-*

---

will be allowed to introduce the evidence hereby excluded. The Plaintiffs, by virtue of

joining this Motion, are hereby forbidden from making this argument.

*son v. South Dakota High Sch. Activities Ass'n,* No. 00–4113 (D.S.D.2000). In December 2000, a consent decree was entered, and the SDHSAA agreed to schedule girls' basketball and volleyball in their traditional seasons.

The United States briefly argues that the investigation of a single South Dakota school district is irrelevant to whether the MHSAA violates Title IX. In response, Defendants briefly argue that the South Dakota investigation is relevant. Neither side addresses this point thoroughly enough for the Court. Therefore, the Court, for its own reasons, finds the South Dakota investigation relevant.

Differences between the South Dakota investigation and this case certainly exist. For example, the OCR is not currently investigating the MHSAA, and the South Dakota investigation involved one district whereas this case involves every district that is a member of MHSAA. These differences, however, do not mean that the information from South Dakota will not help the trier of fact determine if the MHSAA violated Title IX. The behavior complained about in both instances, the scheduling of girls' sports seasons, is the same. In addition, this investigation is much more current than the investigation previously addressed. Moreover, should the United States attempt to argue that the OCR would have ruled against the MHSAA on a complaint about its scheduling, the OCR's letter in the South Dakota investigation may help the trier of fact determine whether this is true. The parties can use the OCR letter to establish both similarities and differences between that investigation and this case, all of which may help the trier of fact decide whether the MHSAA's scheduling of girls' sports violates Title IX. Therefore, the OCR's investigation into the South Dakota school district is relevant and therefore admissible pursuant to Rules 401 and 402.

## Testimony by Harry Orris and Other OCR Officials

The United States also attempts to exclude any testimony by Harry Orris and other current or former OCR officials, or any other witness, relating to the documents sought to be excluded.

As the Court is excluding the OCR's 1982 letter and 1984 statements of findings, all testimony relating to these documents is also excluded. This follows because the Court found those particular documents irrelevant. In addition, all testimony relating to the *Bell* case is excluded because it is irrelevant.

Because the Court has not excluded the documents relating to the South Dakota investigation, it will not exclude testimony relating to that investigation.

## Statements by OCR Officials in Seattle

In its Reply, the United States seeks to exclude testimony about OCR's investigation concerning interscholastic sports seasons and recruitment in Hawaii. As the United States has raised this for the first time in their Reply, Defendants have not had an opportunity to respond. This issue is not properly raised in a Reply, nor is it properly before the Court.

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part the United States' Motion. An Order consistent with this Opinion will follow.